# U.S. District Court
# Middle District of Florida
# Tampa Division

# GOVERNMENT EXHIBIT

**Exhibit No.**: 6

Case No.: 8:23-cr-00013-KKM-CPT

UNITED STATES OF AMERICA

vs.

MICHAEL LUCAS AMBROSE

Date Identified: _____

Date Admitted: _____

<u>AFFIDAVIT OF LINDSAY BURCH</u>

COMMONWEALTH OF VIRGINIA    )
                                                  ) SS
CITY OF ALEXANDRIA               )

NOW COMES THE AFFIANT, Lindsay Burch, having been duly sworn to law, who deposes and states the following:

1. I am currently employed as Records Specialist for the Exploited Children Division ("ECD") at the National Center for Missing & Exploited Children ("NCMEC") and have been employed by NCMEC since December 2019. Prior to my current position, I was a Supervisor, CyberTipline for ECD. As Records Specialist, ECD, I am familiar with the operations of the CyberTipline, including the procedures involving the receipt and processing of reports by NCMEC and the procedures used to generate and maintain reports. The information contained in this declaration is based on my own personal knowledge and information to which I have access in my role as Records Specialist, ECD for NCMEC.

2. NCMEC is a private, nonprofit corporation, incorporated under the laws of the District of Columbia. NCMEC's mission is to help find missing children, reduce child sexual exploitation, and prevent child victimization. NCMEC currently employs 471 individuals. No NCMEC employees are employees of any government or law enforcement agency. No government or law enforcement agency supervises, oversees, or participates in NCMEC's day-to-day operations. No active government representatives or law enforcement officers serve on NCMEC's Board of Directors or vote as part of the NCMEC Board of Directors.

3. Staff of certain federal agencies, including the Federal Bureau of Investigation (FBI), work in separate, secure spaces in the same office space as NCMEC's headquarters. These federal staff are not NCMEC employees and are not involved in NCMEC's day-to-day operations.

4. NCMEC receives funding from various sources, including government and foundation grants, corporate donations, individual donations, and in-kind donations to support its mission. Approximately 70% of NCMEC's funding comes from government sources and 30% comes from private sources, including in-kind gifts from corporate supporters.

**CyberTipline**

5. NCMEC created the ECD in January 1997. NCMEC began operating the CyberTipline on March 9, 1998, in furtherance of its private mission to serve as the national resource center and clearinghouse concerning online child sexual exploitation. The CyberTipline was created to allow persons to report online (and via toll-free telephone) the enticement of children for sexual acts, child sexual molestation, child pornography, child sex tourism, child sex trafficking, unsolicited obscene materials sent to a child, misleading domain names, misleading words or digital images on the Internet.

1

6. The majority of CyberTipline reports NCMEC receives relate to apparent child pornography and are from electronic service providers ("ESPs"). In 2024, 20.5 million reports were submitted to the CyberTipline. Of these 20.5 million reports, 5% resolved domestically, 84% resolved internationally, and 11% could not be resolved to a specific location.

7. ESPs are required by U.S. federal law to report instances of apparent child pornography that they become aware of on their systems to NCMEC's CyberTipline. See 18 U.S.C. § 2258A. As a non-profit organization, NCMEC cannot and does not enforce U.S. federal law on ESPs or any other third parties or require ESPs to search their platforms for apparent child pornography.

8. ECD staff cannot alter or change information submitted by a reporting party to the CyberTipline. Except for the incident type, date, and time, NCMEC does not require any specific type of information to be provided by a member of the public or an ESP when a CyberTipline report is submitted. NCMEC provides voluntary reporting fields that a member of the public or an ESP may choose to populate with information when a CyberTipline report is submitted.

9. ESPs may submit reports of online child sexual exploitation to NCMEC's CyberTipline using (1) NCMEC's secure web form or (2) NCMEC's secure web service API. Since NCMEC's secure web service API allows automated reporting, many ESPs, including Instagram, Inc. and Snapchat, choose to submit their reports to NCMEC using the web service API. NCMEC provides ESPs that choose to use the web service API with the CyberTipline Reporting API Technical Documentation, which contains information regarding how to submit information and files using the web service API. The CyberTipline Reporting API Technical Documentation includes descriptions for each reporting field an ESP chooses to submit to the CyberTipline, such as the reporting field, "fileviewedByEsp". The CyberTipline Reporting API Technical Documentation includes the description "Whether the reporting company viewed the entire contents of the file being reported to NCMEC" for the reporting field, "fileviewedByEsp".

10. ESPs may develop their own internal user interfaces by incorporating information from the CyberTipline Reporting API Technical Documentation and utilizing their own user interfaces to report to the CyberTipline. NCMEC does not have information about such reporting mechanisms developed by individual ESPs, including how ESPs display reporting fields to their internal staff.

11. The front page of each CyberTipline report indicates a date and time (in Coordinated Universal Time or UTC) that the report was created upon submission of the content by the reporting person or ESP. The front page also lists an Incident Type for the report and the number of total uploaded files, if any, submitted by the reporting ESP.

12. CyberTipline reports contain 4 sections: Section A, Section B, Section C, and Section D.

13. Section A of a CyberTipline report contains information submitted by the reporting person or ESP. NCMEC staff cannot revise or edit any information contained in Section A. Other than the "Incident Type" and "Incident Time" fields in Section A, all information provided by the reporting person or ESP in any other fields is voluntary. These additional voluntary reporting fields can include information related to the reported incident or individual, such as screen and user names, email addresses, prior CyberTipline reports, relevant terms of service, victim information, original

file names, original hash values, device information, metadata, and uploaded IP addresses including related time and date stamp information. The amount and type of information provided by ESPs and how an ESP submits this information in the provided fields varies depending on an ESP's unique business and reporting practices.

14. The voluntary reporting fields also include the following two questions: "Did Reporting ESP view entire contents of uploaded file?" and "Were entire contents of uploaded file publicly available?" NCMEC staff will not open or review an uploaded file unless the reporting ESP indicates that it has viewed the entire contents of the uploaded file or the entire contents of the uploaded file were publicly available.

15. Section B of a CyberTipline report contains automated information that NCMEC Systems automatically generate based on information provided by a reporting ESP.

16. Section C of a CyberTipline report contains additional information compiled and documented by NCMEC based on the information submitted in Section A, including NCMEC Classification information based on NCMEC staff's review of the report or a "Hash Match" of one or more of the uploaded files contained within a CyberTipline report. NCMEC's classification categories include the following:

   (a) Apparent Child Pornography: NCMEC classifies content as "Apparent Child Pornography" when the content appears to depict conduct meeting the federal definition of child pornography under 18 U.S.C. § 2256(8).

   (b) Apparent Child Pornography (Unconfirmed): NCMEC classifies content as "Apparent Child Pornography (Unconfirmed)" when 1) NCMEC is uncertain about the child's age, but the content otherwise appears to meet the federal definition of "sexually explicit conduct" as used in the definition of child pornography under 18 U.S.C. § 2256(8) or 2) the content depicts a child, but NCMEC is uncertain that conduct depicted in the content meets the federal definition of "sexually explicit conduct" as used in the definition of child pornography under 18 U.S.C. § 2256(8).

NCMEC staff may view some, all, or none of the uploaded files submitted by a reporting ESP in a CyberTipline report. NCMEC staff review differs based on the uploaded file(s) contained in a CyberTipline report. Occasionally, NCMEC staff may need to review an uploaded file that has previously been reviewed for different reasons, including analyzing the general pattern of all files included in a particular report, etc. In that case, such file may be reviewed enough to support NCMEC's analysis of the report. If an uploaded file is novel to NCMEC, a more in-depth review of the uploaded file may occur.

17. NCMEC maintains an internal hash database that it uses to process CyberTipline reports and an external Child Sexual Abuse Material (CSAM) Hash List that it shares with ESPs that voluntarily choose to use the Hash List as part of their content moderation efforts.

18. NCMEC's internal hash database is derived from images and videos submitted to the CyberTipline by ESPs. NCMEC's internal hash database is iterative and can be updated daily by

3

NCMEC staff as submitted imagery is tagged and classified. NCMEC's automated hash matching process may categorize uploaded files after a CyberTipline report has been submitted by hash matching submitted content to content previously reported to NCMEC's CyberTipline.

19. NCMEC's CSAM Hash List is derived from files submitted to the CyberTipline by ESPs. When an image or video is identified as containing apparent child pornography and has been confirmed as containing apparent child pornography in three separate reviews by NCMEC staff, NCMEC adds the hash value for that image or video to the CSAM Hash List that participating ESPs have voluntarily chosen to use.

20. In July 2023, NCMEC engaged Concentrix, a customer experience solutions and technology company, to conduct an independent audit of the hashes on NCMEC's CSAM Hash List. Concentrix was tasked with verifying that the unique hashes on NCMEC's CSAM Hash List corresponded to images and videos that met the U.S. federal legal definition of child pornography. The audit, the first of its kind for any CSAM hash list, found that 99.99% of the images and videos reviewed were verified as containing CSAM. Upon completion of the audit, Concentrix issued an Attestation Report, which is publicly available on NCMEC's website at https://www.missingkids.org/cybertiplinedata.

21. Section D of a CyberTipline report contains information entered by NCMEC relating to the law enforcement agency to which the CyberTipline report was made available.

**Information Relevant to CyberTipline Report #73951010**

22. NCMEC generates CyberTipline reports, such as CyberTipline report #73951010, in the regular course of business. This report was created and maintained in the normal course of NCMEC's regularly conducted activities and was generated by, or upon transmission of the information from, a person with knowledge of the information set forth in this report. The report is a true and correct duplicate of the original.

23. On or about June 20, 2020, Instagram, Inc. ("Instagram"), an ESP, submitted a report related to the suspect, "Massive" with the reported phone number of "+18638121854", email address of "mambrose24@gmail.com", screen/user name of "lucas_aka_massive", and ESP user ID of "404403508". Instagram indicated the Incident Type as "Child Pornography". Upon receipt, NCMEC generated CyberTipline report #73951010.

24. Instagram uploaded two (2) files in CyberTipline report #73951010.

25. Instagram responded "Yes" to the following question in Section A: "Were entire contents of uploaded file publicly available?" for one (1) of the two (2) uploaded files.

26. As indicated in Section B of CyberTipline report #73951010, NCMEC's automated systems performed a publicly-available geographic look-up related to "2607:fb90:e45a:5f4c::5fd8:b201", the IP address reported by Instagram, which appeared to resolve to the potential geographic location of Tampa, Florida.

27. As noted in Section C, NCMEC staff did not view the two (2) uploaded files before making CyberTipline report #73951010 available to law enforcement. NCMEC assigned a classification of "Apparent Child Pornography (Unconfirmed)" to CyberTipline report #73951010.

28. As noted in NCMEC Note #2 of Section C of CyberTipline report #73951010, NCMEC staff conducted searches of NCMEC's database using the following identifiers related to the reported suspect from Section A: "18638121854", "8638121854", "mambrose24", "lucas_aka_massive", and "404403508".

29. As noted in Section D of CyberTipline report #73951010, CyberTipline report #73951010 was made available to the Central Florida ICAC in Kissimmee, Florida and the designated law enforcement agency in Australia.

**Information Relevant to CyberTipline Report #138480220**

30. NCMEC generates CyberTipline reports, such as CyberTipline report #138480220, in the regular course of business. This report was created and maintained in the normal course of NCMEC's regularly conducted activities and was generated by, or upon transmission of the information from, a person with knowledge of the information set forth in this report. The report is a true and correct duplicate of the original.

31. On or about November 10, 2022, Snapchat, an ESP, submitted a report related to the suspect with the reported screen/user name of "bastard_blob" and email address of "forclashvictory2@gmail.com". Snapchat indicated the Incident Type as "Child Pornography". Upon receipt, NCMEC generated CyberTipline report #138480220.

32. Snapchat uploaded one (1) file in CyberTipline report #138480220.

33. Snapchat responded "Yes" to the following question in Section A: "Did Reporting ESP view entire contents of uploaded file?" for the one (1) uploaded file.

34. As indicated in Section B of CyberTipline report #138480220, NCMEC's automated systems performed a publicly-available geographic look-up related to "73.91.13.184", the IP address reported by Snapchat, which appeared to resolve to the potential geographic location of Bartow, Florida. NCMEC's automated systems also performed internal queries on "forclashvictory2@gmail.com", the suspect's email address reported by Snapchat, which did not appear to match information seen in other CyberTipline reports.

35. As noted in Section C of CyberTipline report #138480220, NCMEC staff conducted searches in NCMEC's database using the following identifiers related to the reported suspect from Section A: "forclashvictory*", "73.91.13.184", and "bastard blob". The results indicated that NCMEC Technical Assistance Request Reports #159796 and #159807 had been generated in response to a request submitted by Zachary J. Skyes with the Federal Bureau of Investigation ("FBI") concerning a suspect associated with the IP address of "73.91.13.184", which appeared related to

5

CyberTipline report #138480220. In response to the request from Zachary J. Skyes with the FBI, CyberTipline report #138480220 was made available to the FBI.

36. As noted in Section C, NCMEC staff viewed the one (1) uploaded file before making CyberTipline report #138480220 available to law enforcement. NCMEC assigned a classification of "Apparent Child Pornography" to CyberTipline report #138480220.

37. As noted in Section D of CyberTipline report #138480220, CyberTipline report #138480220 was made available to the Central Florida ICAC in Kissimmee, Florida and the FBI.

**Information Relevant to CyberTipline Report #138482068**

38. NCMEC generates CyberTipline reports, such as CyberTipline report #138482068, in the regular course of business. This report was created and maintained in the normal course of NCMEC's regularly conducted activities and was generated by, or upon transmission of the information from, a person with knowledge of the information set forth in this report. The report is a true and correct duplicate of the original.

39. On or about November 10, 2022, Snapchat, an ESP, submitted a report related to the suspect with the reported screen/user name of "joint_token" and email address of "lucasthegreat69@gmail.com". Snapchat indicated the Incident Type as "Child Pornography". Upon receipt, NCMEC generated CyberTipline report #138482068.

40. Snapchat uploaded one (1) file in CyberTipline report #138482068.

41. Snapchat responded "Yes" to the following question in Section A: "Did Reporting ESP view entire contents of uploaded file?" for the one (1) uploaded file.

42. As indicated in Section B of CyberTipline report #138482068, NCMEC's automated systems performed a publicly-available geographic look-up related to "73.91.13.184", the IP address reported by Snapchat, which appeared to resolve to the potential geographic location of Bartow, Florida. NCMEC's automated systems also performed internal queries on "lucasthegreat69@gmail.com", the suspect's email address reported by Snapchat, which did not appear to match information seen in other CyberTipline reports.

43. As noted in Section C of CyberTipline report #138482068, NCMEC staff conducted searches within NCMEC's database using the following identifiers related to the reported suspect from Section A: "lucasthegreat*", "73.91.13.184", "joint token", "forclashvictory*", and "bastard blob". The results indicated that NCMEC Technical Assistance Request Reports #159796 and #159807 had been generated in response to a request submitted by Zachary J. Skyes with the FBI concerning a suspect associated with the IP address of "73.91.13.184", which appeared related to CyberTipline report #138482058. In response to the request from Zachary J. Skyes with the FBI, CyberTipline report #138482068 was made available to the FBI.

44. As noted in Section C, NCMEC staff viewed the one (1) uploaded file before making CyberTipline report #138482068 available to law enforcement. NCMEC assigned a classification of "Apparent Child Pornography" to CyberTipline report #138482068.

45. As noted in Section D of CyberTipline report #138482068, CyberTipline report #138482068 was made available to the Central Florida ICAC in Kissimmee, Florida and the FBI.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

_____            08/26/2025
LINDSAY BURCH                              DATE
Records Specialist
Exploited Children Division
The National Center for Missing and Exploited Children
245 Kenneth Drive, Suite 500
Rochester, New York 14623

City of Alexandria
Commonwealth of Virginia

The foregoing instrument was subscribed and sworn before me this 26th day of August, 2025 by Lindsay Burch.

Notary Public: VA Remote Notary Signature   *Rachel Fielkow*

   My Commission Stamp _____



Notarized online using audio-video communication

Rachel Fielkow
Electronic Notary Public
Commonwealth of Virginia
Commission #: 00359654
Commission Expires: 06/29/2029

7